IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>KERRI M. LAMAS, et al.,<br><br>Defendants. | No.  2:23-CV-1467-DJC-DMC-P<br><br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Krzysztof F. Wolinski names the following as defendants: (1) Kerri M. Lamas, Captain, (2) Jason Schultz, Chief Deputy Warden, (3) Singh, Correctional Sergeant, (4) Melissa Pender, Correctional Sergeant, (5) Mousumi Nandy, Doctor, (6) Osmon, Doctor, (7) Tran, Doctor, (8) Butterfield, Correctional Officer, and (9) S. Berumen, Correctional Officer. See ECF No. 1, pg. 1-2. Plaintiff outlines three separate claims for relief.

In his first claim, Plaintiff asserts that Defendant Kerri M. Lamas and Defendant Melissa Pender retaliated against Plaintiff with forged and falsified reports, in violation of Plaintiff's First, Eighth, and Fourteenth Amendment rights. See id. at 3. According to Plaintiff, he filed a prison grievance alleging denial of assistance and discrimination by Librarian S. Koubong. See id. Plaintiff claims that all inmates that filed grievances against the prison law librarian were thereafter retaliated against by Defendant Lamas and Defendant Pender with forged and falsified reports, thus violating Plaintiff and other inmates' constitutional rights. See id.; see also id. at 9-10. Plaintiff adds that he has been denied due process in the context of rules violation report hearings but does not provide further detail supporting this contention. See id. at 10.

In his second claim, Plaintiff alleges that Defendant Butterfield used excessive force against his on January 25, 2022, by utilizing mentally disabled inmates as target practice and training for how to take down violent inmates. See id. at 4. Plaintiff asserts that he experienced "unjustified Retaliation & Battery Assault" in the form of a discharge of a chemical

agent called MK-9 resulting in severe second-degree burns, wanton pain infliction, damage to his lungs, emotional distress, and post-traumatic stress disorder. Id.; see also id. at 11-12. Plaintiff alleges that, following the chemical assault by Defendant Butterfield, Defendant Singh ordered Plaintiff to cuff up rather than escorting him to a treatment room. See id. at 12. Plaintiff claims this was done for no other reason that to cause Plaintiff additional pain from the burning chemicals.

According to Plaintiff, on January 29, 2022, Defendant Lamas responded in an excessive force video interview that these allegations were under investigation. See id. at 4. Plaintiff claims that the misconduct continued, and that on January 30, 2022, Defendant Lamas attempted to suppress the misconduct that could be seen on unit surveillance cameras. See id. Plaintiff asserts that Defendant Schultz, the Chief Deputy Warden, suppressed prison grievances and falsified state reports to cover up staff misconduct by Lamas, Singh, and others. See id. at 4; see also id. at 11-13.

Lastly, in his third claim Plaintiff claims that his First, Eighth, and Fourteenth Amendment rights were violated due to lack of medical care, threat to Plaintiff's safety, and retaliation by medical staff at the California Medical Facility (CMF) in Vacaville. Plaintiff describes the events that led to his Emergency Transfer to CMF on or around December 15, 2021. See id. at 5. Plaintiff was assigned to Defendant Tran as Plaintiff's primary care physician upon transfer on December 16, 2021. See id. Plaintiff asserts that Defendant Tran refused to provide Plaintiff with care because he was placed in "P.I.P. Mental Health" due to his hunger strike. See id. at 5.

Plaintiff claims that he attempted to speak with Chief Medical Executive, Defendant Osmon to receive medical care following a 30-day hunger strike. See id. Plaintiff alleges that Defendant Osmon informed Plaintiff that he could not help Plaintiff because he was under Defendant Tran's care. See id. Plaintiff asserts that Defendant Osmon further explained that P.I.P. patients were treated as they are received without any changes in treatment. See id. at 5. According to Plaintiff, Defendant Tran went on vacation and denied renewal of Plaintiff's prescription for seizure medication, on orders by Defendant Osmon. See id. Plaintiff asserts that

3

this denial of medication ultimately resulted in Plaintiff suffering a severe seizure and a head injury caused by the seizure. See id.  Plaintiff alleges that he suffered serious head injuries because he was placed in a cell that did not comply with Americans with Disabilities Act (ADA) standards, at the time of his seizure. See id.  Plaintiff claims that due to the conditions of the cell, Plaintiff was forced to sleep in his wheelchair until he was transferred to an ADA cell on December 29, 2021. See id.  Plaintiff has been classified as Inmate-Patient with serious medical needs since his entry into state prison in January 2010. See id.  Plaintiff asserts that he suffered a broken skull and broken tooth as a result of his denial of care upon transfer to California Health Care Facility based on false reports and progress notes filed by Defendant Tran and Defendant Osmon when Plaintiff was housed at CMF. See id.

Plaintiff asserts that that following his return from an outside hospital where he had been receiving treatment, he was placed under the care of Defendant Nandy. See id. at 15. According to Plaintiff, Defendant Nandy "maliciously refused" to continue the care ordered by the doctors at the outside hospital. See id.  As a result, Plaintiff claims he suffered seizures. See id.

## II. DISCUSSION

The Court finds that Plaintiff's complaint states a cognizable First Amendment claim against that Defendants Lamas and Pender based on alleged retaliatory conduct (first claim).  The Court also finds that Plaintiff has stated cognizable Eighth Amendment claims against Defendants Butterfield, Singh, Lamas, and Schultz arising from the alleged use of excessive force on January 25, 2022 (second claim).  Additionally, the Court finds that Plaintiff's complaint states cognizable Eighth Amendment medical care claims against Defendants Tran, Osmon, and Nandy (third claim).  Plaintiff fails, however, to allege any facts to connect Defendant Berumen with an alleged constitutional violation.  Finally, Plaintiff's allegations of due process violations related to prison disciplinary hearings are insufficient to state a claim.  These defects are discussed below.  Plaintiff will be provided an opportunity to amend the complaint or to proceed on the original complaint on the cognizable claims identified above.

### A.     Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, while Defendant Berumen is listed as a defendant, the complaint does not appear to contain any allegations as to this defendant. Plaintiff will be provided an opportunity to amend.

### B.     Disciplinary Proceedings

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim

challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

In this case, Plaintiff states that he was denied due process in the context of various prison disciplinary proceedings. Plaintiff has not, however, indicated how his due process rights were violated, or by whom. Plaintiff will be provided leave to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

///

///

1         Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: January 18, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE