IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERRI M. LAMAS, et al.,<br><br>　　　　　Defendants. | No. 2:23-CV-1467-DJC-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are (1) Defendants' motion to sever misjoined claims, ECF No. 29, and (2) Plaintiff's motion for court ruling on Defendants' motion to sever claims and motion for leave to amend, ECF No. 35. Defendant has filed an opposition to Plaintiff's request to amend. See ECF No. 36.

**I. BACKGROUND**

　　A.　**Plaintiff's Allegations**

　　　　Plaintiff names the following as defendants: (1) K. Lamas, correctional officer at California Health Care Facility, Stockton (CHCF); (2) J. Schultz, Chief Deputy Warden at CHCF; (3) R. Singh, correctional officer at CHCF; (4) M. Pender, correctional officer at CHCF; (5) M. Nandy, healthcare provider at CHCF; (6) M. Osmon, Chief Medical Executive at California

1

1  Medical Facility (CMF); (7) T. Tran, doctor at CMF; and (8) C. Butterfield, correctional officer at
2  CHCF. See ECF No. 1, pg. 2.

3  In his first claim, Plaintiff alleges that Defendants Lamas and Pender violated his
4  First, Eighth, and Fourteenth Amendment rights. See id. at 9. Plaintiff claims that he filed
5  grievances regarding the prison libraries' denial of assistance to inmates and helped other inmates
6  file similar grievances. See id. Plaintiff alleges that this caused Defendants Lamas and Pender to
7  retaliate against him by filing six false State Reports about him. See id. Plaintiff claims that when
8  he filed grievances regarding Defendants Lamas and Pender's abuse of power and authority,
9  Defendants Lamas and Pender filed two more false State Reports about him. See id. at 10.
10 Plaintiff also alleges that Defendants Lamas and Pender threatened Plaintiff that he would be
11 transferred to a regular prison, where his medical needs could not be satisfied, in retaliation for
12 Plaintiff's filing grievances and reporting staff misconduct. See id. Plaintiff alleges that he
13 suffered emotional distress as a result of this incident. See id. Plaintiff also alleges that he was
14 subjected to unjustified discipline and deprived of privileges to which he was entitled. See id.
15 Plaintiff alleges that his due process rights were violated by the senior hearing officer overseeing
16 this case, who was trying to cover up for Defendants Lamas and Pender. See id.

17 In his second claim, Plaintiff alleges that Defendants Butterfield, Singh, Lamas,
18 and Shultz violated his First, Eighth, and Fourteenth Amendment rights. See id. at 11. Plaintiff
19 claims that he was transferred from CMF to CHCF to better satisfy his medical needs, and was
20 placed in Facility B. See id. Plaintiff claims that beginning on January 21, 2022, he requested the
21 return of his personal property. See id. Plaintiff claims that his request was ignored and his court
22 deadlines were also disregarded, so Plaintiff went on a hunger protest. See id. Plaintiff claims that
23 this went on until January 25, when Defendant Butterfield came to work. See id. Plaintiff claims
24 that Defendant Butterfield removed a plastic box Plaintiff used to cover up his room window. See
25 id. Plaintiff alleges that Defendant Butterfield subsequently discharged a chemical agent, MK-9,
26 upon Plaintiff, who was using the toilet at that time. See id. Plaintiff claims that occurred multiple
27 times, until Defendant Singh was notified of the incident. See id. at 12. Plaintiff claims that
28 Defendant Singh then ordered Plaintiff to cuff up. See id. Plaintiff claims that he was taken to the

2

1  TUB room several minutes later, where he was allowed to rinse off the chemical agent. See id.
2  Plaintiff claims that he suffered from second degree burns and P.T.S.D. as a result of this
3  incident. See id. at 13. Plaintiff alleges that when he tried to report this incident, Defendant
4  Lamas covered up the incident, made false State Reports about Plaintiff, and coerced nurses to
5  fabricate reports about Plaintiff. See id. Plaintiff also alleges that Defendant Singh falsely claimed
6  that Plaintiff was assaulted because he was suicidal, causing Plaintiff to be placed on suicide
7  watch. See id. Plaintiff claims that Chief Deputy Warden Shultz also got personally involved to
8  cover up for staff misconduct. See id.
9           In his third claim, Plaintiff alleges that Defendants Tran, Osman, and Nandy
10 violated his First, Eighth, and Fourteenth Amendments rights. See id. Plaintiff claims that in
11 retaliation for the grievances he filed regarding healthcare in prison, Defendant Tran refused to
12 provide him with any care. See id. at 5. Plaintiff claims that Defendant Osman, who was the chief
13 medial executive at CMF, refused to intervene on the basis that Plaintiff was in Defendant Tran's
14 care. See id. Plaintiff alleges that when Defendant Tran went on a vacation and Plaintiff had a
15 seizure, Plaintiff was not given any medication he needed by order of Defendant Osman. See id.
16 Plaintiff also alleges that in retaliation for the grievances about healthcare which Plaintiff filed,
17 Defendant Nandy refused to give him the treatment prescribed by doctors in a hospital outside of
18 prison, (where Plaintiff had previously received treatment), and denied him medications needed
19 for prevention of blood clots. See id. at 15. Plaintiff alleges that as a result of Defendant Tran's
20 action, Plaintiff's right arm was crippled. See id.
21        **B.**     **Procedural History**
22           Plaintiff initiated this action with a pro se complaint filed on July 21, 2023. See
23 ECF No. 1.  Following resolution of the fee status for the case, the Court issued an order
24 addressing the sufficiency of the original complaint on January 19, 2024.  See ECF No. 12.  The
25 Court concluded that some claims alleged in the original complaint were appropriate for service,
26 but that others were deficient subject to possible amendment.  See id.  Specifically, the Court
27 held:
28 ///

3

> The Court finds that Plaintiff's complaint states a cognizable First Amendment claim against that Defendants Lamas and Pender based on alleged retaliatory conduct (first claim). The Court also finds that Plaintiff has stated cognizable Eighth Amendment claims against Defendants Butterfield, Singh, Lamas, and Schultz arising from the alleged use of excessive force on January 25, 2022 (second claim). Additionally, the Court finds that Plaintiff's complaint states cognizable Eighth Amendment medical care claims against Defendants Tran, Osmon, and Nandy (third claim). Plaintiff fails, however, to allege any facts to connect Defendant Berumen with an alleged constitutional violation. Finally, Plaintiff's allegations of due process violations related to prison disciplinary hearings are insufficient to state a claim. . . .

ECF No. 12, pg. 4.

Plaintiff was provided an opportunity to file a first amended complaint and advised that, if he did not do so with the time permitted therefor, the action would proceed on those claims identified as cognizable. See id. at 6-7.

Plaintiff did not file a first amended complaint and, on March 18, 2024, the Court issued findings and recommendations that the defective claims be dismissed and an order authorized service as to the cognizable claims. See ECF Nos. 13 and 14. The findings and recommendations were adopted in full by the District Judge on August 14, 2024. See ECF No. 28. Pursuant to that order, this action proceeds on Plaintiff's original complaint as to the following claims: (1) First Amendment claims against Defendants Lamas and Pender based on alleged retaliatory conduct (first claim); (2) Eighth Amendment claims against Defendants Butterfield, Singh, Lamas, and Schultz arising from the alleged use of excessive force on January 25, 2022 (second claim); and (3) Eighth Amendment medical care claims against Defendants Tran, Osmon, and Nandy, (third claim). See id. at 2. All claims against Defendant Beruman were dismissed with prejudice. See id. Plaintiff's due process claim was also dismissed with prejudice. See id.

///
///
///
///

## II. DISCUSSION

In their motion to sever claims, Defendants argue that Plaintiff's three claims should be severed, Plaintiff should be ordered to declare which claim he will proceed on in this matter, and the other claims should be dismissed without prejudice. See ECF No. 29. In his motion for ruling and for leave to amend, Plaintiff seeks leave to file a first amended complaint which adds a new defendant and claim to this action. See ECF No. 35. For the reasons outlined below, the Court agrees that claims have been misjoined. The Court also finds that Plaintiff's motion for leave to amend should be denied for failure to make an appropriate showing and submit a proposed amended complaint with the motion.

### A.    Motion to Sever

Federal Rule of Civil Procedure 18(a) limits the joinder of claims, whereas Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) states: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Courts have recognized that when multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. See Herndon v. Mich. Dep't of Corr., 2021 WL 1559156 at *2 (W.D. Mich. April 12, 2021).

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . . .
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

Id. (citing 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and Garcia v. Munoz, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); see also United States v. Mississippi, 380 U.S. 128, 142–43 (1965)).

1          Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

          As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)).

          As to the second requirement, commonality under Rule 20 is not a particularly stringent test. See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to . . ."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351. And even if a court finds that the requirements have been met, "a district court must examine

6

whether permissive joinder would 'comport with principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank, 623 F.2d at 1375 (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

Under Rule 21, where a court finds misjoinder, it may "drop a party" or "sever any claim against a party" as it considers just, but it may not dismiss the entire action. Fed. R. Civ. P. 21. In other words, where there is misjoinder, a court "has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006); see, e.g., Gilmore v. Bauder, No. 1:19-CV-01229-NONE-SKO, 2021 WL 634731 at *3 (E.D. Cal. Feb. 18, 2021) (dismissing severed claims without prejudice); see also Harrison v. Linde, No. 2:12-CV-2000 KJM CKD, 2013 WL 3872833, at *1 (E.D. Cal. July 25, 2013) (directing the clerk of court to assign a new case number for the severed claims). In determining which of the two remedial options should be applied, the court should consider the following factors, inter alia: (1) the relevant statute of limitations; (2) where the parties are in the discovery process; and (3) the past and future expenditures of both the court and the parties. See Robinson v. Geithner, No. 1:05-CV-01258-LJO-SKO, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10, 2011). The remedial option the court chooses could have critical effects.

For example, "[w]hen a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." DirecTV, Inc., 467 F.3d at 845 (citing Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)); see also Elmore v. Henderson, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.). "When that occurs, the 'statute of limitations is not tolled' because we treat the initial complaint 'as if it never existed." DirecTV, Inc., 467 F.3d at 845 (citing Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). However, "when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." DirecTV, Inc., 467 F.3d at 845 (citing White v. ABCO Eng'g Corp., 199

1  F.3d 140, 145 n. 6 (3d Cir. 1999)); see also Jenkins v. Lares, No. 2:13-CV-2273-DB, 2017 WL
2  3381809 at *6-7 (E.D. Cal. Aug. 7, 2017).

3        Additionally, severance or dismissal of misjoined parties in cases brought by
4  inmates under 28 U.S.C. § 1915(g) ensures that prisoners pay the required filing fees for each
5  unrelated claim that should be brought in separate actions. George v. Smith, 507 F.3d 605, 607
6  (7th Cir. 2007). The inmate plaintiff in George brought a 50-claim, 24-defendant lawsuit and
7  sought one fee waiver for the entire case. Id. In severing the case, the Court of Appeals for the
8  Seventh Circuit noted that the inmate "was trying not only to save money, but also to dodge [28
9  U.S.C. § 1915(g)]." Id. Thus, the rule requiring severance of unrelated claims against unrelated
10 defendants "is not only intended to avoid confusion that arises out of bloated lawsuits, but also to
11 prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform
12 Act." Blair v. CDCR, et al., No. 1:14-cv-01156-LJO-SAB, 2016 WL 5660320, at *14 (E.D. Cal.
13 Jul. 15, 2016), report and recommendation adopted by, No. 1:14-cv-01156-LJO-SAB, 2016 WL
14 5470190 (E.D. Cal. Sept. 28, 2016).

15       The actual severance of claims may be effectuated by assigning claims to case
16 numbers. See Jenkins, 2017 WL 3381809 at 7*. For example, in Jenkins the court severed the
17 case into four separate actions, i.e., four separate claims. Id. The court assigned the case number
18 of the original action to the plaintiff's first claim. Id. The court then directed the clerk of court to
19 assign the three remaining claims to three different case numbers. Id.

20       Here, Plaintiff fails to meet either of the requirements of Rule 20. There is no
21 logical connection between Plaintiff's three claims. Plaintiff's first claim is against Defendants
22 Lamas and Pender for threatening him and filing false reports about him in retaliation for his
23 filing grievances about prison staff. Plaintiff's second claim is against Defendants Butterfield,
24 Singh, Lamas, and Shultz for discharging a chemical agent on him and covering up the incident.
25 Plaintiff's third claim is against Defendants Tran, Osman, and Nandy for refusing to provide him
26 with the medical care he needed. There is no commonality among these three claims. The three
27 events involved in these claims occurred at two different locations, CMF and CHCF. They also
28 occurred at different times. While the second claim involves one incident that occurred on

8

January 25, 2022, the other two claims both involve events that spanned over a longer period of time.  With the exception of Defendant Lamas, who is involved in two of the claims, the three claims involve three groups of separate Defendants.  Therefore, plaintiff has failed in showing how one claim is connected with his other claims.

While here all three of Plaintiff's claims involve First, Eighth, and Fourteenth Amendment violations, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351.  The undersigned recommends finding misjoinder.  The Court will also recommend that Plaintiff's claims be severed into three separate actions, with Plaintiff's first claim against Defendants Lamas and Pender to proceed in this action, and Plaintiff's second and third claims to proceed separately in new actions based on the operative complaint in this case.

### B.     Motion for Leave to Amend

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Under this Court's local rules, a motion for leave to amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion. See E. Dist. Cal. Local Rule 137(c).

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by

amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

        Plaintiff seeks to amend his complaint to add a claim, charging an unnamed Defendant working at CMF with a sexual assault that allegedly occurred in March 2024.  See ECF No. 35, pg. 1.  Plaintiff's motion is not, however, accompanied by a proposed amended complaint.  As a prisoner proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this Court pursuant to the in forma pauperis statute.  See 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Because Plaintiff did not submit a proposed amended complaint, the Court is unable to evaluate it as required by law.  Additionally, there is no reasonable relationship between the claim that Plaintiff seeks to add and any of the three claims included in the original complaint.  They involve separate groups of defendants and separate events that have no connection to each other.  The incident involved in this claim also occurred eight months after the original complaint was filed and years after the violations alleged in the original complaint occurred.  Therefore, Plaintiff's motion for leave to amend will be denied.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that Plaintiff's motion for a ruling on Defendants' motion to sever claims, ECF No. 35, is GRANTED.

2. It is ORDERED that Plaintiff's motion for leave to amend, ECF No. 35, is DENIED.

3. It is RECOMMENDED that Defendants' motion to sever claims, ECF No. 29, be GRANTED.

4. It is RECOMMENDED that this action proceed on Plaintiff's First Amendment claims against Defendants Lamas and Pender based on alleged retaliatory conduct (first claim), and that all other claims and defendants be dismissed from this action.

/ / /

5. It is RECOMMENDED that the Clerk of the Court be directed to open two new actions based on the original complaint in this action, the first such new action to proceed on Plaintiff's Eighth Amendment claims against Defendants Butterfield, Singh, Lamas, and Schultz arising from the alleged use of excessive force on January 25, 2022 (second claim), the second such action to proceed on Plaintiff's Eighth Amendment medical care claims against Defendants Tran, Osmon, and Nandy, (third claim), and that both new actions be assigned to the same Judges as the current action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE