**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KRZYSZTOF F. WOLINSKI,

      Plaintiff,

      v.

KERRI M. LAMAS, et al.,

      Defendants.

No.  2:23-CV-1467-DJC-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil action.  Pending before the Court is Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status.  See ECF No. 39.  Defendants have filed a request for judicial notice in support of their motion.  See ECF No. 39-1.

The Prison Litigation Reform Act's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Id.

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Plaintiff initiated this action with a pro se civil rights complaint filed on July 21, 2023. See ECF No. 1. On August 25, 2025, the District Judge granted Defendants' motion to sever claims. See ECF No. 38. Pursuant to that order, this action proceeds on Plaintiff's First Amendment claims against Defendants Lamas and Pender based on alleged retaliatory conduct (first claim). See id. All other claims were dismissed from this action and opened as two separate actions. See id. Two new actions were opened as a result of that order. See Wolinski v. Butterfield, et al., 2:25-cv-2408-DJC-DMC-P (Wolinski II), and Wolinski v. Tran, et al., 2:25-cv-2510-DJC-DMC-P (Wolinski III). Motions to proceed in forma pauperis are pending in both new actions. See ECF No. 8 in Wolinski II and ECF No. 8 in Wolinski III.

In their request for judicial notice, Defendants ask the Court to take judicial notice of a prior Eastern District of California action in which the Court determined that Plaintiff was subject to the three-strikes provision. See ECF No. 39-1. Specifically, Defendants note Wolinski v. Allison, et al., 2:22-cv-0451-KJM-EFB-P, in which the Court determined that Plaintiff was not eligible to proceed in forma pauperis due to three or more prior actions having been dismissed for failure to state a claim. Because this Court may take judicial notice of its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), the Court will recommend that Defendants' request for judicial notice be granted.

/ / /

/ / /

/ / /

2

Given the prior determination in <u>Wolinski v. Allison, et al.</u>, the Court finds that the current action is also subject to the three-strikes provision.  The Court further finds that the imminent danger exception does not apply given that this action proceeds on a retaliation claim which does not include allegations of such danger.  Plaintiff's in forma pauperis status should be revoked in this case and Plaintiff should be required to pay the filing fees in full.

Based on the foregoing, the undersigned recommends as follows:

1.    Defendants' request for judicial notice, ECF No. 39-1, be granted.

2.    Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 39, be granted.

3.    Plaintiff be ordered to pay the full filing fees for this case of $350.00 within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3